JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Hartford Fire Insurance Co. (Hartford), appeals the decision of the trial court granting the motion for summary judgment of appellee, State Farm Insurance Company (State Farm), finding that the two companies shall apply their respective policies on a pro-rata basis for the uninsured motorist coverage available. For the reasons set forth below, we affirm the decision of the trial court.
 {¶ 2} The incident forming the basis of this appeal occurred on September 13, 1999 when Searcy Shaw[1] was involved in an automobile accident with an uninsured motorist. At the time of the accident, Shaw was driving his own vehicle.
 {¶ 3} Shaw maintained an insurance policy with State Farm at the time of the accident, which included uninsured/underinsured motorist coverage limits of $50,000/$100,000. In addition to the State Farm policy, Shaw's employer, University Hospitals, had a liability policy of insurance with Hartford, which was in effect at the time of the accident and which included uninsured/underinsured motorist limits of $1,000,000.
 {¶ 4} On July 16, 2001, Hartford filed a motion for partial summary judgment with the trial court solely as to the priority of the insurance coverage of the defendants, State Farm and Hartford. Hartford maintained that while the provisions of the policy may find Shaw to be included within the business auto policy issued to University Hospitals, the underinsured coverage available would be based solely on any excess to that already provided by the State Farm policy.
 {¶ 5} In addition, State Farm filed a motion for summary judgment requesting the court to declare the policy issued by Hartford to be pro-rated with the underinsured coverage available under the State Farm policy.
 {¶ 6} There are two relevant portions of the insurance policies. The State Farm policy provides:
 {¶ 7} 2. If any other Policies Apply * * *.
 {¶ 8} b. If the insured sustains bodily injury while occupying a vehicle that is:
 {¶ 9} (1) not described on the declarations page of; or
 {¶ 10} (2) driven by a person who is not an insured under, another policy providing similar coverage:
 {¶ 11} (1) the total limits of liability under all similar coverages that apply shall not exceed that of the coverage with the highest limit of liability; and
 {¶ 12} (2) we are liable only for our share. Our share is that percent of the damages that our limit of liability determined in 1 above bears to the total sum of that limit of liability and the limits of liability of all other similar coverages that apply.
 {¶ 13} The policy from Hartford Fire Insurance Company states:
 {¶ 14} 1. Other insurance * * *.
 {¶ 15} If there is other applicable insurance available under one or more policies or provisions of coverage:
 {¶ 16} a. The maximum recovery under all Coverage Forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.
 {¶ 17} b. Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible uninsured motorists insurance providing coverage on a primary basis.
 {¶ 18} c. If the coverage under this Coverage Form is provided:
 {¶ 19} (1) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.
 {¶ 20} (2) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.
 {¶ 21} On October 5, 2001, the trial court granted summary judgment in favor of State Farm concluding that the two policies should be applied on a pro-rata basis of 20-to-1. The trial court found:
 {¶ 22} Pursuant to Scott-Pontzer v. Liberty Mutual Fire Insurance Company (1999), 85 Ohio St.3d 660, the term you in the Hartford insurance policy is ambiguous. The Court further finds that the term you must be applied consistently to all provisions of the insurance contract. As a result, the Hartford insurance policy provides primary uninsured motorist coverage for plaintiff's injuries.
 {¶ 23} The defendants then settled with Shaw for his injuries based upon the trial court's determination of a pro-rata basis of contribution. On October 31, 2001, both parties submitted to the trial court a judgment entry and stipulation in which the parties' rights to appeal were preserved based on the court's ruling on their cross-motions for summary judgment.
 {¶ 24} The appellant, Hartford, now appeals the decision of the trial court in its determination of the parties' cross-motions for summary judgment and asserts the following sole assignment of error:
 {¶ 25} THE TRIAL COURT ERRED IN DENYING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT/APPELLANT HARTFORD FIRE INSURANCE COMPANY (HARTFORD) AND GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT/APPELLEE STATE FARM INSURANCE COMPANY (STATE FARM) FINDING THAT THE UNINSURED MOTORISTS COVERAGE AVAILABLE UNDER THE BUSINESS AUTO POLICY ISSUED BY HARTFORD TO PLAINTIFF'S EMPLOYER, UNIVERSITY HOSPITAL HEALTH SYSTEM, MUST BE PRO-RATED WITH THE UNINSURED MOTORIST COVERAGE AVAILABLE UNDER THE PERSONAL AUTO POLICY ISSUED BY STATE FARM TO PLAINTIFF.
 {¶ 26} The standard of review for an appellate court on a lower court's granting of summary judgment is de novo. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial. Brewer v. Cleveland City Schools (1997),122 Ohio App.3d 378; citing Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116, 119-120.
 {¶ 27} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(c).
 {¶ 28} The movant possesses the burden of establishing that no genuine issue of material fact exists. This burden must be satisfied by specifically producing evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations, which demonstrate the nonmoving party's lack of support toward his claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293.
 {¶ 29} In its sole assignment of error, Hartford claims that the trial court erred when it imposed a pro-rata contribution between insurance companies based upon the court-imposed definition of the unambiguous you within the other insurance provision.
 {¶ 30} In ascertaining the meaning of the policy language, this court notes that common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or the overall content of the instrument. Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, paragraph two of the syllabus. In addition, the rule of liberal interpretation in favor of the insured does not require a court to adopt a forced or strained construction of an insurance contract. Keider v. Federal Insurance Co. (Nov. 9, 1995), Cuyahoga App. No. 68196, citing New Amsterdam Casualty Co. v. Johnson (1914),91 Ohio St. 155, 157-158. Therefore, where the contract language is determined not to be ambiguous, the court must be bound by the clear language set forth in the instrument and may not expand the language to include coverage where it was not intended to be applied. Lovewell v.Physicians Ins. Co. of Ohio (1997), 79 Ohio St.3d 143, 147.
 {¶ 31} In the case sub judice, the trial court found the insurance policy's definition of you, as the named insured under the declaration page, to be ambiguous for purposes of uninsured/ underinsured coverage to a corporation. The trial court therefore included Shaw under the definition of you as an employee under University Hospital's policy coverage. The trial court then adopted the new, more inclusive definition of you when viewing the other insurance provision for determining the proper rate of contribution between the two insurance companies involved.
 {¶ 32} In Uzhca v. Derham (Apr. 5, 2002), Montgomery App. No. 19106, the appellate court affirmed the actions of the trial court in applying the court-imposed definition of you throughout the entire policy. The court determined that if `you' is ambiguous in some parts of the policy, it is ambiguous in all parts of the policy. The policy gives `you' the same meaning throughout the policy. [We] believe that a consistent interpretation of the word is preferable to ascribing it different meanings depending on where in the policy it appears. Thus `you' includes employees of the corporate insured whenever it appears in the policy. Id. at 10.
 {¶ 33} In United Ohio Company v. Bird (May 18, 2001), Delaware App. No. 00 CA 31, the court of appeals reviewed the actions of the trial court in defining the term you in determining who is an insured as interpreted in Scott-Pontzer and within the application of the other insurance provision of the same policy. Again, as in Uzhca, the court of appeals stated, since the Ohio Supreme Court has judicially defined the word, unless the policy of insurance provides a different definition under the `other insurance' provision of the policy, we must apply the definition of `you' consistently throughout * * *. Id. at 11.
 {¶ 34} In support of this determination, the court in Bird cited the case of Lyttle v. Progressive Casualty Ins. Co. (Feb. 4, 1999), Cuyahoga App. No. 73620. In Lyttle, this court determined that Patrick Lyttle, an employee of Landmark Landscape and a listed driver under a policy of insurance issued by Progressive Casualty Insurance Company, was included within the definition of the terms insured and you within the policy. This court agreed with the contentions of Progressive Insurance and found: We agree with Progressive that if the court finds the definitions of `you' and `insured' to be ambiguous and if the court then revises those definitions to favor the insured, it is those revised, non-ambiguous definitions which must be applied throughout the policy, absent another ambiguity or absurdity of language. Id. at 18.
 {¶ 35} Based upon this court's prior determination in Lyttle applying consistent terminology throughout an insurance policy, and in the absence of a separate definition of you referencing the other insurance provision, the definition of you imposed pursuant to the Supreme Court's finding in Scott-Pontzer must be applied throughout the entire uninsured/underinsured provision at issue. Therefore, the appellant's sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., AND ANNE L. KILBANE, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] Searcy Shaw was the plaintiff in this action at the lower court level, but is not a party in the appeal before this court.